**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JERRY T. DROOK**
Public Defender's Office
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 31 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| C.L., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 27A02-1203-JV-232 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge Pro Tempore
The Honorable Brian McLane, Magistrate
Cause No. 27D02-1201-JD-3

**October 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

C.L. appeals the finding he committed an act that would be Class C felony battery if committed by an adult.[1] As there was sufficient evidence to support his adjudication as a delinquent, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 2, 2012, James Johnson arrived at the residence of Stephanie Horton, her husband, Tyrone Bloomfield, and her son, C.L. When Johnson arrived, Horton asked him if he had any money. Bloomfield then struck Johnson in the back of the head with a piece of metal and knocked him unconscious. When Johnson regained consciousness, C.L. was standing above him and punching him in the face repeatedly. C.L. continued to punch Johnson's face as Johnson left. Horton took Johnson to his house, where his niece called 911. The responding officer found Johnson face down and unconscious. Paramedics were able to revive Johnson with smelling salts, at which time Johnson identified C.L. and Bloomfield as his attackers. The police then arrested Bloomfield and C.L. Johnson no longer had money in his possession.

The State alleged C.L. was a delinquent for committing an act that would be Class C felony battery if committed by an adult. After a fact-finding hearing, the juvenile court found C.L. had committed the act, adjudicated him a delinquent, and placed him in the wardship of the Department of Correction.

---

[1] Ind. Code § 35-42-2-1(a)(3).

**DISCUSSION AND DECISION**

C.L. challenges the sufficiency of the evidence supporting his adjudication. When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a reasonable doubt. *A.E.B v. State*, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). When reviewing the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We consider only "the evidence of probative value and the reasonable inferences that support the determination." *Id.*

The State had to prove C.L. touched Johnson in a rude, insolent, or angry manner that resulted in serious bodily injury. Ind. Code § 35-42-2-1(a)(3). Serious bodily injury is "bodily injury that creates a substantial risk of death or that causes: (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." Ind. Code § 35-31.5-2-292. C.L. hit Johnson in the face multiple times with his fists, and Johnson suffered a fractured facial bone, a broken nose, and a broken tooth. Johnson testified the injuries caused him extreme pain. That was ample evidence C.L. committed an act that would be Class C felony battery if committed by an adult. *See Sutton v. State*, 714 N.E.2d 694, 696-97 (Ind. Ct. App. 1999) (victim sustained "serious bodily injury" when Sutton struck her with an open hand twice, resulting in soft tissue damage to her face, prolonged

3

pain, and multiple contusions), *reh'g denied*.  Accordingly, we affirm his adjudication as a

delinquent.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.